UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARCUS DAVIS, an individual,

    Plaintiff,

vs.

CLIFF BERRY, INC., a Florida Corporation,

    Defendant.
_____/

## **COMPLAINT**

1. Plaintiff, MARCUS DAVIS (hereinafter referred to as "Plaintiff" and "DAVIS"), was an employee of Defendant, CLIFF BERRY, INC., a Florida Corporation (hereinafter referred to as "Defendant" and "CLIFF BERRY, INC.") and brings this action against CLIFF BERRY, INC. for alleged race discrimination and retaliation in violation of 42 U.S.C. §1981 (Section 1981) and the Florida Whistleblower Act, F.S. §448.102(3).

2. DAVIS is an individual whose race/color is African American/Black and who at all times material to this action resided in Miami-Dade County, Florida, within the jurisdiction of this Court.

3. CLIFF BERRY, INC. has at all times material to this Complaint owned, operated, and managed an environmental services business with more than one hundred and thirty-five (135) employees, with Defendant's corporate office located at 851 Eller Drive, Ft. Lauderdale 33316 in Broward County within the jurisdiction of this Court, and employees based at locations: Fort Lauderdale/Port Everglades, Fort Pierce, Orlando, Tampa, Miami, Cape Canaveral, and Jacksonville.

1

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1337, 1343, and 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Broward County, within the jurisdiction of the United States District Court for the Southern District of Florida.

6. At all times material to this action, DAVIS was an employee of CLIFF BERRY, INC. within the meaning of 42 U.S.C. §1981.

7. At all times material to this action, CLIFF BERRY, INC. was an employer of DAVIS within the meaning of 42 U.S.C. §1981.

8. In September 2014, CLIFF BERRY, INC. hired DAVIS as an hourly Field Technician.

9. Between September 2014 and April 2021, DAVIS's primary job duties for CLIFF BERRY, INC. as a Field Technician consisted of: (a) tank cleaning: removing, i.e. cleaning, oil, diesel, jet fuel, gasoline, asphalt, acid, and corrosives from tanks); (b) emergency response spill cleaning: first responders cleaning accidental spills at gas stations, boat yards, asphalt companies, roadways, highways and the ocean; (c) working with heavy equipment such as back loaders, forklifts, skid steers and small boats; and (d) cleaning tankers and vac cons (vacuum trucks).

10. At all times material to this Complaint, DAVIS satisfactorily performed his duties as a Field Technician for CLIFF BERRY, INC.

11. By early April 2021, DAVIS's regular hourly rate of pay with CLIFF BERRY, INC. was $16.25 per hour, with a corresponding overtime rate of $24.375 per hour.

12. Throughout DAVIS's employment with CLIFF BERRY, INC. between approximately September 2019 and early April 2021, DAVIS was subjected to harassment, discrimination, and disparate treatment by CLIFF BERRY, INC. because of Plaintiff's race/color, African American/Black, including but not limited to:

(a) racially derogatory name calling and racially abusive conduct by CLIFF BERRY, INC.'s Area Manager, John Hines, towards DAVIS and other African American/Black employees—in comparison to Hines not treating Caucasian employees in this disparaging fashion—such as by way of example, Hines: (i) regularly cursing at, speaking down to, and making racially disparaging statements to DAVIS and other African American/Black employees; (ii) telling DAVIS that he and other African American/Black workers were not "educated enough" to fill out work orders or manifests; (iii) exclaiming that Hines "needs to crack the whip" in order to get DAVIS and other African American/Black employees just to do their jobs; and (iv) asserting that DAVIS and other African American/Black employees purportedly did not fill out work orders properly, as part of which Hines was frequently antagonistic and falsely questioned "what don't you understand" about orders;

(b) CLIFF BERRY, INC. denying promotions to DAVIS and other African American/Black employees who were qualified to become, for example, an Inventory Specialist position in approximately 2020, while Defendant promoted White/Caucasian employees who had lesser experience and/or were unqualified; and

(c) CLIFF BERRY, INC. ultimately terminating DAVIS's employment on April 1, 2021.

13. Between approximately January 2021 and April 2021, DAVIS reported to CLIFF BERRY, INC.'s Foreman, Inshanally Hoosmanally, Barrington Jones, and Cliff Berry, Jr. and to CLIFF BERRY, INC.'s Area Manager, John Hines, and Operations Manager, Steve Swett, during which time DAVIS objected to and complained about unwanted racial harassment and race discrimination to Swett, Hines, and CLIFF BERRY, INC.'s Director of Human Resources, Robin Cohen Kaye.

14. On or around March 1, 2021, Hines and Kaye, held a meeting with DAVIS for over one hour about the company's PTO Policy and problems arising from DAVIS's objections to and complaints about the manner in which DAVIS was treated as an employee of CLIFF BERRY, INC.

15. During DAVIS's March 1, 2021 meeting with Hines and Kaye, Hines voiced his displeasure with DAVIS about Plaintiff airing his grievances amongst other employees of CLIFF BERRY, INC. about the wages, working conditions, and lack of advancement by DAVIS, a Black/African man with almost seven (7) years of dedicated service to CLIFF BERRY, INC.

16. More specifically, during this March 1, 2021 meeting, Hines asked DAVIS, for example, "Do you work for me or do I work for you," while Hines also told Davis: "Don't come into my office because of safety" when DAVIS objected to what Plaintiff in good faith believed to be a failure by CLIFF BERRY, INC. to provide DAVIS and other employees with a safe work environment as mandated by the Occupational Safety and Health Act (OSHA) as a result of CLIFF BERRY, INC. failing to provide protective equipment to Plaintiff and other employees.

17. Similarly, during this March 1, 2021 meeting, Kaye asked DAVIS how or why CLIFF BERRY, INC.'s PTO Policy was "infringing on your human rights," in response to which DAVIS both complained about race/color discrimination against Plaintiff because he is African American/Black and DAVIS explained to Kaye and Hines why DAVIS believed it always "us against them" at CLIFF BERRY, INC. and why Plaintiff believed it "feels like we are always fighting."

18. Disturbingly, in response to DAVIS's good faith race discrimination complaints to CLIFF BERRY, INC. during this March 1, 2021 meeting, Hines told Davis, *inter alia*:

(a) Plaintiff was there to work under the direction of management, which Hines stated "is not a human rights issue";

(b) Defendant's management "can't have a Cancer spread" by DAVIS voicing his opinions about and opposition to how Plaintiff was treated at CLIFF BERRY, INC.;

(c) "we want team players"; and

(d) "We aren't here to cane you," such that if DAVIS didn't like the way he was treated at CLIFF BERRY, INC., Hines believed it was otherwise "best to part ways" because, according to Hines, the company could simply construe DAVIS as having voluntarily resigned from his employment which the company's attorneys would've said "is totally fine."

19. Further during this March 1, 2021 meeting, DAVIS expressly asked Hines and Key for help in how Plaintiff could advance beyond simply being a Field Technician after almost seven (7) years, in response to which Hines questioned: (a) whether DAVIS "could take out a tank and fill out the form to perform other supervisory tasks; and (b) if DAVIS had the "aptitude

of reading, writing, and can absorb" the training and study to "read books" in order to pass licensing required for driving larger (550) trucks.

20. On or around March 31, 2021, DAVIS suffered a workplace injury during the course of his employment with CLIFF BERRY, INC. due to heat exhaustion while cleaning up a petroleum spill in Ft. Lauderdale, Florida from a tanker rollover, which injury DAVIS reported to Hoosmanally.

21. On or around March 31, 2021, DAVIS objected to Hoosmanally about the unsafe work conditions and dangerous substances DAVIS was exposed to in the course of Plaintiff's employment with CLIFF BERRY, INC. which DAVIS in good faith believed were OSHA violations.

22. On April 1, 2021, Hines informed DAVIS that CLIFF BERRY, INC. was terminating DAVIS's employment.

23. The reason(s) relied upon by CLIFF BERRY, INC. in April 2021 for terminating DAVIS's employment was/were false and known to be false by Defendant at the time of Plaintiff's termination and instead was/were a pretext for unlawful disparate treatment and race/color discrimination and retaliation against DAVIS in violation of Section 1981.

## COUNT I
## RACE/COLOR DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiff, MARCUS DAVIS, reasserts and reaffirms the allegations of Paragraphs 1 through 23 as if fully set forth herein and further states that this is an action against CLIFF BERRY, INC. for race/color discrimination in violation of 42 U.S.C. §1981.

24. 42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and

proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

25. Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

26. Throughout DAVIS's employment with CLIFF BERRY, INC. between approximately September 2019 and April 2021, CLIFF BERRY, INC.'s management personnel subjected DAVIS to: (a) unwelcome harassment and discrimination because of DAVIS's race/color, African American/Black, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of DAVIS's race/color, African American/Black, all in violation of 42 U.S.C. §1981.

27. Between approximately September 2019 and April 2021, CLIFF BERRY, INC. treated other employees of Defendant more favorably than DAVIS because of unlawful disparate treatment by Defendant against DAVIS based upon Plaintiff's race/color, African American/Black, in violation of 42 U.S.C. §1981.

28. In April 2021, CLIFF BERRY, INC. terminated DAVIS's employment because a discriminatory animus or bias by Defendant against Plaintiff because of his race/color, African American/Black, in violation of 42 U.S.C. §1981.

29. But for DAVIS's race/color, African American/Black, Plaintiff would not have been terminated from his employment by CLIFF BERRY, INC. in April 2021 in violation of 42 U.S.C. §1981.

30. CLIFF BERRY, INC.'s decision to terminate DAVIS's employment in April 2021 based upon Plaintiff's race/color, African American/Black, constitutes intentional discrimination against DAVIS in violation of 42 U.S.C. §1981.  In other words, but for DAVIS's race/color, African American/Black, Plaintiff would not have been fired by CLIFF BERRY, INC. in April 2021 as a Social Media Marketing employee.

31. CLIFF BERRY, INC.'s racial harassment and disparate treatment of DAVIS because of Plaintiff's race/color, African American/Black, between approximately January 2020 and April 2021 was so severe and pervasive that it altered, the terms, conditions, and privileges of DAVIS's employment with Defendant in violation of 42 U.S.C. §1981.

32. When CLIFF BERRY, INC. terminated DAVIS's employment in April 2021 for reasons that Defendant knew to be false and were instead a pretext to attempt to cover up discrimination by Defendant against DAVIS because of his race/color, African American/Black, Defendant violated 42 U.S.C. §1981.

33. CLIFF BERRY, INC.'s management knew about the unlawful racial harassment and disparate treatment between approximately January 2020 and April 2021 of DAVIS because of Plaintiff's race/color, African American/Black, but Defendant failed to take appropriate corrective action to address the unlawful racial harassment and disparate treatment against DAVIS because of Plaintiff's race/color, African American/Black, in violation of 42 U.S.C. §1981.

34. CLIFF BERRY, INC.'s violations of DAVIS's rights under 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.  As such, DAVIS is entitled to punitive damages against CLIFF BERRY, INC. pursuant to 42 U.S.C. §1981a(a)(1).

35. DAVIS has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of CLIFF BERRY, INC.'s violations of 42 U.S.C. §1981.

36. Pursuant to 42 U.S.C. §1988(b), DAVIS is entitled to recover his reasonable attorneys' fees and costs from CLIFF BERRY, INC.

WHEREFORE, Plaintiff, MARCUS DAVIS, demands judgment against Defendant, CLIFF BERRY, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiff, MARCUS DAVIS, reasserts and reaffirms the allegations of Paragraphs 1 through 23 as if fully set forth herein and further states that this is an action against CLIFF BERRY, INC. for Retaliation in violation of 42 U.S.C. §1981.

37. On multiple occasions during DAVIS's employment with CLIFF BERRY, INC. between approximately January 2021 and March 2021, DAVIS objected to and opposed what Plaintiff in good faith believed was racial harassment and/or disparate treatment by CLIFF BERRY, INC. against Plaintiff because of Plaintiff's race/color, African American/Black.

38. When DAVIS complained, objected to, and opposed between approximately January 2021 and March 2021 what Plaintiff reasonably and in good faith believed was unlawful race discrimination against him because of Plaintiff's race/color, African American/Black, DAVIS engaged in protected activity within the meaning of 42 U.S.C. §1981.

39. In retaliation for DAVIS's opposition and good faith complaints between approximately January 2021 and March 2021 to CLIFF BERRY, INC. about racial harassment and disparate treatment against Plaintiff because of his race/color, African American/Black, CLIFF BERRY, INC. unlawfully terminated DAVIS's employment on April 1, 2021 because of Plaintiff's internal discrimination complaint(s), in violation of 42 U.S.C. §1981.

40. But for DAVIS's good faith opposition and internal race discrimination complaints to CLIFF BERRY, INC. against Plaintiff because of his race/color, African American/Black, DAVIS would not have been terminated from his employment by CLIFF BERRY, INC. on April 1, 2021 in violation of 42 U.S.C. §1981.

41. CLIFF BERRY, INC.'s decision to terminate DAVIS's employment in April 2021 based upon Plaintiff's good faith opposition and internal race discrimination complaints to CLIFF BERRY, INC. against DAVIS because of his race/color, African American/Black, constitutes intentional discrimination against DAVIS in violation of 42 U.S.C. §1981. In other words, but for DAVIS's internal race discrimination complaints to Defendant, Plaintiff would not have been fired by CLIFF BERRY, INC. on April 1, 2021.

42. CLIFF BERRY, INC.'s retaliation against DAVIS in violation of his rights under 42 U.S.C. §1981 was intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, DAVIS is entitled to punitive damages against CLIFF BERRY, INC. pursuant to 42 U.S.C. §1981a(a)(1).

43. DAVIS has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of CLIFF BERRY, INC.'s retaliation in violation of 42 U.S.C. §1981.

44. Pursuant to 42 U.S.C. §1988(b), DAVIS is entitled to recover his reasonable attorneys' fees and costs from CLIFF BERRY, INC.

WHEREFORE, Plaintiff, MARCUS DAVIS, demands judgment against Defendant, CLIFF BERRY, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT III
## VIOLATIONS OF FLORIDA'S WHISTLEBLOWER ACT, F.S. §448.102

Plaintiff, MARCUS DAVIS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 23 above and further states that this is an action against CLIFF BERRY, INC., for violations of Florida Statutes §448.101 *et seq.*, Florida's Whistleblower Act.

45. At all times material to this action, DAVIS was an employee of CLIFF BERRY, INC. within the meaning of F.S. §448.101(2).

46. At all times material to this action, CLIFF BERRY, INC. was an employer of DAVIS within the meaning of F.S. §448.101(3) because Defendant was engaged in an industry affecting commerce and had Ten (10) or more employees for each working day in each of Twenty (20) or more weeks in 2019, 2021, and/or 2022.

47. Under Florida's Whistleblower Act, F.S. §448.102, an employer <u>may not</u> take any retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the

> employer a reasonable opportunity to correct the activity, policy, or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
> **(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.**

48. DAVIS engaged in protected activity within the meaning of Florida's Whistleblower Act, F.S. §448.102(3), on or around March 1, 2021 and March 31, 2021 when DAVIS reported to and objected to CLIFF BERRY, INC.'s management what Plaintiff in good faith believed to be a failure by CLIFF BERRY, INC. to provide DAVIS and other employees with a safe work environment as mandated by the Occupational Safety and Health Act (OSHA), *see, e.g.*, 29 U.S.C. §654, OSHA's General Duty Clause.

49. CLIFF BERRY, INC. subjected DAVIS to "retaliatory personnel action" within the meaning of the Florida Whistleblower Act, F.S. §448.101(5), because of Plaintiff's good faith opposition to unsafe conditions and his safety complaints between approximately March 1, 2021 and March 31, 2021, culminating with CLIFF BERRY, INC. terminating DAVIS's employment on April 1, 2021 in retaliation for DAVIS's safety complaints, in violation of F.S. §448.102(3).

50. CLIFF BERRY, INC.'s termination of DAVIS's employment in April 2021 was undertaken in intentional retaliation against DAVIS because Plaintiff engaged in protected activity by complaining about and objecting to CLIFF BERRY, INC.'s failure to provide employees with a safe work environment in violation of OSHA's requirements, in violation of F.S. §448.102(3).

51.     DAVIS in good faith believed that CLIFF BERRY, INC.'s failure to provide : (a) protective equipment to Plaintiff and other employees and ensure safe working conditions in the field while cleaning up and working around dangerous materials; and (b) employees working in the field with a safe work environment in violation of OSHA's requirements were violations of one or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4).

52.     One or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4), which were applicable to CLIFF BERRY, INC. and pertained to CLIFF BERRY, INC.'s business between approximately March 2021 and April 2021 which DAVIS reasonably and in good faith believed Defendant was violating when Plaintiff complained to CLIFF BERRY, INC.'s management includes but was not necessarily limited to 29 U.S.C. §654, the General Duty Clause of the Occupational Safety and Health Act (OSHA).

53.     The fact that DAVIS engaged in activity protected by the Florida Whistleblower Act between approximately March 1, 2021 and March 31, 2021 was a motivating factor in CLIFF BERRY, INC.'s "retaliatory personnel action" against DAVIS and Defendant's termination of Plaintiff's employment on April 1, 2021, in violation of F.S. §448.102(3).

54.     DAVIS has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of CLIFF BERRY, INC.'s violations of F.S. §448.102.

55.     Pursuant to F.S. §448.104, DAVIS is entitled to recover from CARING PEOPL her reasonable attorneys' fees and costs as a result of Defendant's violations of Florida's Whistleblower Act.

WHEREFORE, Plaintiff, MARCUS DAVIS, demands judgment against Defendant, CLIFF BERRY, INC., for back pay, employment benefits and other compensation including bonuses, compensatory damages, emotional distress, equitable relief, including, but not limited to, reinstatement or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

MARCUS DAVIS demands trial by jury on all issues so triable.

Dated:  April 15, 2022                              Respectfully submitted,

By:     **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031